UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUELL FAMILY TRUST and TODD ALAN DUELL, Trustee,<br><br>                              Plaintiffs,<br><br>v.<br><br>DONNA MAY DUELL TRUST; DONNA MAY DUELL, Grantor and Trustee; et al.,<br><br>                              Defendants. | Case No.: 3:24-cv-00654-RBM-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)**<br><br>**[Doc. 2]** |

On April 8, 2024, Plaintiffs Duell Family Trust and Todd Alan Duell, Trustee (collectively, "Plaintiffs"), filed an Affidavit and Complaint for Fraud ("Complaint"). (Doc. 1.)  The Court notes, however, the proper trust plaintiff appears to be the Donna M Duell Trust.  (*See id.* at 1, 3.)

Plaintiffs allege that Todd Alan Duell is the trustee of the irrevocable Donna **M** Duell Trust, which operates out of California.  (*Id.* at 3.)  Plaintiffs allege that Donna May Duell

1

is the grantor and trustee of the revocable living Donna **May** Duell Trust, which operates out of Hawaii. (*Id.*)

Plaintiffs allege that, "[o]n December 15, 2020, Donna May Duell wrote check number 478 from the irrevocable Donna M Duell Trust bank account at JP Morgan Chase Bank to herself 'Donna Duell' in the amount of $200,000.00."[1] (*Id.* at 4.) Plaintiffs allege that "[a]ccording to the memo it was a '[transfer] to UBS [account number] KW62246'" and that the "account number KW62246 is for the revocable Donna May Duell Trust." (*Id.*) Plaintiff asserts that "Donna May Duell did not have the legal authority to take funds from the irrevocable Donna M Duell Trust, as the Grantor, back to herself and place them into her grantor revocable living trust Donna May Duell Trust." (*Id.*)

Similarly, Plaintiffs allege that, on September 27, 2022, Donna May Duell sold real property in Nevada owned by the irrevocable Donna M Duell Trust for $900,000. (*Id.* at 5.) Plaintiffs allege that the Donna M Duell Trust did not receive the profits or proceeds from the sale. (*Id.*) Plaintiffs believe that the money was transferred to UBS or Tracy L. Duell-Cazes "in the name of the revocable Donna May Duell Trust." (*Id.*) Plaintiffs assert that "Donna May Duell did not have the legal authority to take real property or funds from the irrevocable Donna M Duell Trust, as the Grantor, back to herself and deposit it into her grantor revocable living trust Donna May Duell Trust, nor place the funds under the custodianship of any other person other than the Trustee for the Donna M Duell Trust." (*Id.* at 5–6.)

Plaintiffs also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). (Doc. 2.) In their IFP Application, Plaintiffs explain that the Trust does not have a bank account or any property as a result of the embezzlement and that the trustee is disabled and on SNAP and Medicaid. (*Id.* at 5.) Plaintiffs attached an Affidavit in support of In Form Pauperis ("IFP Affidavit"). (*See id.* at 5–12.) In their

[1] Plaintiffs purport to attach an exhibit in support of this allegation, but the exhibit is not legible. (*See* Doc. 1 at 8–9.)

IFP Affidavit, Plaintiffs assert that "Donna May Duell bankrupted the Donna **M** Duell Trust when she moved all the assets and money from the irrevocable Donna M Duell Trust to the revocable Donna **May** Duell Trust." (*Id.* at 8 (emphasis in original).) Plaintiffs also assert that Todd Alan Duell was paralyzed in the hospital from September 2021 through November 4, 2022. (*Id.*) Plaintiffs assert that he had nothing when he was released—no clothes, no money, and no place to live—and for all intensive purposes was/is homeless. (*Id.* at 9.) Plaintiffs assert that Todd Alan Duell receives $290 per month from SNAP. (*Id.*)

### I.    LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[2] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." Civ. L.R. 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). The Court addresses each issue in turn.

### II.    DISCUSSION

**A.    Plaintiff's IFP Application**

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted).  No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235.  Consequently, courts must evaluate IFP requests on a case-by-case basis.  *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) ("The granting or denial of leave to proceed [IFP] in civil cases is within the sound discretion of the district court.").

Here, Plaintiffs assert that the "trust" (presumably, the Donna M Duell Trust) does not have a bank account or any property.  (Doc. 2 at 5, 8.)  Plaintiffs also assert that Plaintiff Todd Alan Duell has "nothing" and receives only $290 from SNAP each month.  (*Id*. at 9.)  Based on these limited facts, the Court exercises its broad discretion and **GRANTS** Plaintiff's IFP Application.  *See Cal. Men's Colony v. Rowland*, 939 F.2d at 858 (requiring that district courts exercise their "sound discretion").

**B.  Screening Under 28 U.S.C. § 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127.  Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

"[T]he rule requiring entity defendants to appear only through counsel applies to trusts." *United States v. Molen*, Case No. 2:10-cv-02591 MCE, 2011 WL 292150, at *5

(E.D. Cal. Jan. 31, 2011); *see also Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) (finding no standing because "a trust can only be represented by an **attorney** in federal court") (emphasis in original) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) and 28 U.S.C. § 1654). Relatedly, "[a] trustee may not represent a trust pro se in federal court." *Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) (citing *C.E. Pope Equity Trust*, 818 F.2d at 697). However, "there is an exception to the general rule: an individual who is the trust's 'beneficial owner' may appear pro se on the trust's behalf." *Molen*, 2011 WL 292150, at *6.

Here, Plaintiff Todd Alan Duell appears to be representing the Donna M Duell Trust in his capacity as trustee. (*See* Doc. 1 at 1, 3.) Plaintiffs request that the stolen funds be returned to the Donna M Duell Trust, not to Plaintiff Todd Alan Duell personally. (*Id.* at 6.) However, Plaintiffs' Complaint does not allege any facts suggesting that Plaintiff Todd Alan Duell is the Donna M Duell Trust's "beneficial owner." Therefore, Plaintiff Todd Alan Duell is barred from representing the trust without retaining counsel. *See Molen*, 2011 WL 292150, at *6.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's IFP Application is **GRANTED**, but Plaintiff's Complaint is **DISMISSED**. Given Plaintiff's pro se status, the Court will give Plaintiff **one** opportunity to retain counsel and amend his claims in accordance with the above. Any amended complaint must be filed on or before **October 14, 2024**.

**IT IS SO ORDERED.**

DATE:  October 1, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE